Miller B. Moran
(Lewis County Judge and Acting Judge for Queens County). An indictment was found on December 15,1953 for the crime of robbery alleged to have been committed on July 16, 1953 at the Glen Oaks Bar and Grill in Corona, Queens County, New York; and the defendants Edward Exter and Richard Koscukiewicz were arrested on August 26,1953 and held to await the action of the Grand Jury on August 31,1953. It also developed that one Eugene Peetz was also implicated and he was indicted on December 11,1953; and later dealt with as a youthful offender. The defendants Edward Exter and Richard Koscukiewicz were at that time in custody in Kings County in connection with another crime. The Grand Jury of Queens County indicted the defendants Edward Exter, Richard Koscukiewicz and Joseph Wo jack on or about December 15,1953 for the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree with intent to commit the crimes of robbery and grand larceny.
The defendant Joseph Wo jack had been, prior thereto, indicted for robbery in the first degree, grand larceny in the first degree and assault in the second degree in the borough of Brooklyn, County of Kings; and on his plea of guilty in that county of the crime of robbery in the first degree, was sentenced to the Elmira Reception Center for an indefinite term. The defendant Richard Koscukiewicz had been indicted by the Grand Jury of the County of Nassau for burglary in the third degree, grand larceny in the second degree and petit larceny. He pleaded guilty there on December 8, 1953 to the crime of grand larceny in the second degree and was sentenced on December 18, 1953 to the Elmira Reception Center. The defendant Edward Exter was elsewhere confined on a charge, not made clear to the writer by the moving papers herein.
These three defendants were all in custody in penal or correctional institutions of this State when the indictment was found.
On June 29, 1955, defendant Edward Exter was brought back to this court by a court order or writ and a plea of not guilty was directed to be entered, his case was adjourned from time to time thereafter, and apparently with his consent.
*653 On February 16,1956 the defendant Richard Koscukiewicz was brought into court pursuant to a writ and a plea of not guilty entered.
On February 27,1956 the defendant Joseph Wo jack was, pursuant to a writ, brought into court and a plea of not guilty entered.
This is a motion to dismiss the indictment against the three defendants Edward Exter, Richard Koscukiewicz and Joseph Wo jack on the grounds that these three defendants were not given a speedy and prompt trial; and that any delays were not with the specific consent of the defendants, pursuant to section 668 of the Code of Criminal Procedure.
Section 668 of the Code of Criminal Procedure reads as follows : “ § 668. When a person indicted is not brought to trial at the next term thereafter. If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.”
The District Attorney’s office contends that these three defendants being all confined in penal or correctional institutions, that it was more important to exert their efforts in processing the many jail cases upon the dockets of this court. A great deal can be said for their good intention. In a county growing rapidly and with facilities not keeping abreast of the great growth of population, and naturally of the number of criminal cases, it would appear their contention has merit.
There are two versions of the question here involved, a number of our States have held that the burden is upon the defendant to apply for and urge an early and speedy trial; the other is that the burden is upon the District Attorney to bring the defendant to an early trial. Our highest court, the Court of Appeals has recently said the later version is the law of this State. On December 1, 1955 the Court of Appeals in People v. Prosser (309 N. Y. 353), decided that section 668 of the code placed the burden of giving to a defendant a speedy trial upon the State, and that except for good cause shown or delays consented to by the defendant, he was entitled to move for a dismissal of the indictment. In this State the defendant could not move his case for trial, that it was a privilege of the prosecutor.
While the writer is reluctant to grant the motion in this case; the contention of the People is not of sufficient force to excuse the delay of 18 months for the defendant Edward Exter and a *654 delay of 26 months in the case of the defendants Richard Koscukiewicz and Joseph Wo jack.
True these men were confined in correctional institutions of our State, but section 298-b of the Code of Criminal Procedure provides the means for bringing such defendants before, the court for arraignment or trial.
A careful reading of the recent decision in the Prosser case (supra) would appear to leave no other alternative to this court, but to grant the motion.
An order maybe entered dismissing the indictment and releasing the three defendants from custody as to the indictment herein. Submit order.