Liston Coon, J.
The defendant in this case was convicted on October 23, 1945, upon a plea of guilty, in connection with an indictment charging assault in the first degree returned by the Schuyler County G-rand Jury on March 21, 1938. He seeks to set aside the conviction and dismiss the indictment on the grounds that he was not afforded a speedy trial guaranteed him by section 8 of the Code of Criminal Procedure.
Defendant has had a stormy criminal career including, in addition to the conviction in question, convictions in Schuyler County in 1927 for attempted rape, first degree, in 1939 for burglary, third degree and in 1945 for assault, second degree. He is presently incarcerated in Auburn Prison as a fourth felony offender upon a conviction for assault, second degree in Wyoming County in 1960.
The defendant’s petition for relief is allegedly based upon a purported motion for dismissal of the indictment in question in 1944, while in prison on the burglary sentence. He does not seek, nor is he entitled to relief pursuant to section 669-a of the code since his conviction predates this legislation. (People v. Schwartz, 6 A D 2d 459.)
From evidence developed at the hearing held on defendant’s petition it appears that his alleged “ motion to dismiss ” was not in fact a proper motion pursuant to sections 8 or 668 of the code. It appears that he merely wrote a letter to the then District Attorney seeking the dismissal.
*878 A motion to dismiss for lack of prosecution must be made to the court in which the indictment is pending. (People ex rel. McGowan v. Warden, 155 App. Div. 484.)
It appears then that no motion to dismiss was ever made by or on behalf of the defendant, in open court, prior to his conviction. Therefore, unless an appropriate motion is made prior to pleading (People v. Chirieleison, 3 N Y 2d 170; People v. Schwartz, supra; or prior to trial (People v. Exter, 4 Misc 2d 651), relief has been held not available.
It has also been held that a defendant may not wait until after judgment before raising the issue on the grounds that to permit otherwise would allow a defendant to gamble on his sentence, then claim lack of speedy trial if the sentence did not satisfy him. (People v. Begue, 1 A D 2d 289.)
However the entire record in this case discloses what, in the opinion of the court, is a most incongruous situation.
To place it in proper perspective the following table has been prepared in connection with defendant’s Schuyler County convictions:
Date of Crime Crime Indictment Arraigned Convicted Sentence
Attempted Rape, 1st Degree 8/4/27 9/20/27 9/24/27 9/27/27 5-10 years
Burglary, 3rd Degree 1/1/39 3/21/39 3/23/39 3/27/39 10-20 years (2nd Offender)
Assault, 2nd Degree 5/29/38 3/21/39 10/2/45 10/9/45 Sentence Suspended
Assault, 1st Degree 11/6/38 3/21/39 10/9/45 10/23/45 5-10 years (3rd Offender)
From the above table it becomes immediately apparent that indictments for the last three enumerated crimes were all returned by the G-rand Jury on March 21, 1939.
It is likewise apparent that the conviction and sentence as a third felony offender on October 23, 1945 was for a crime committed on November 6, 1938. The District Attorney’s affidavit-alleging two prior felony convictions includes the 1939 burglary conviction but it appears that that crime was committed on January 1,1939, which was subsequent to the assault.
To sustain sentence as a multiple offender it must be shown that the offense in question occurred after the conviction for the crime used to support multiple offender status. (People ex rel. Gaczewski v. Jennings, 223 App. Div. 78; People v. Begue, supra.)
*879 Further, section 1941 of the Penal Law provides that additional punishment may only be imposed on, “a person, who, after having been once or twice convicted * * * of a felony * * # commits any felony ” (emphasis added).
Since the 1945 conviction was for a crime not committed, in point of time, subsequent to the commission of or sentence on the burglary charge in 1939, the latter could not be used as an underlying conviction for multiple offender purposes and defendant’s sentence as a third.felony offender was illegal.
The real question, however, is, 1 ‘ why did the District Attorney, having in his hand three indictments returned simultaneously by the Grand Jury, choose to arraign this defendant on only one in 1939 and hold the others until 1945! ”
The true motivation of the prosecutor must remain unanswered but it is reasonable to infer that the attitude was, “ we’ll arraign him on one indictment and hold the others for future ammunition.” Thus the additional indictments were a virtual sword of Damocles, to be kept suspended over the head of the defendant, a practice condemned by the Commissioners on Practice and Pleading who drafted section 668 of the code. (See People v. Prosser, 309 N. Y. 353, 359.)
It is clear that the defendant had a right to a speedy trial pursuant to both section 8 of the code and section 12 of the Civil Bights Law unless the People show good cause otherwise. What constitutes undue delay ‘ ‘ depends ‘ upon the circumstances in each particular case ’ ’ ’. (People v. Prosser, supra, p. 360.)
The action by the People in this defendant’s case on the three 1939 indictments obviously resulted in denying the defendant a speedy trial on the second and third indictments and arrogating to the prosecutor the decision as to defendant’s obtaining possible concurrent sentences.
The office of the District Attorney is not an impregnable legal citadel which can withhold or bring to light indictments at will. If this defendant could be arraigned on one of the indictments in 1939 he could have been arraigned on all three.
The facts in this case are somewhat akin to the Prosser case although different in the fact that here the defendant never moved to dismiss the indictment prior to pleading.
While recognizing the concept that the defendant may waive his right to a speedy trial (People v. Begue, supra), this court in a departure from that rule finds that based upon the facts peculiar to this case and the People’s failing to arraign the defendant on all three indictments, holds, as a matter of law, that the defendant could not, by silence alone, waive his fundamental rights to a speedy trial.
*880 Until now the courts have declined to decide ‘1 whether the right to a speedy trial is such a fundamental principle of liberty and justice as to come within the due process clauses ” of the Fourteenth Amendment of the Federal Constitution. (People v. Wilson, 10 A D 2d 297, 301.)
Within the limitations of the facts in this case, this court now holds that it does. While this right has not been written into our State Constitution the extant statutory provisions (Code Grim. Pro., § 8; Civil Bights Law, § 12) are no less a guarantee.
In holding as the court now does, the spirit and purpose expressed in the Prosser case is being applied, notwithstanding as the Court of Appeals stated (p. 361) in that case: “ adherence to the rule here announced will on occasion result in the discharge of one guilty of crime
The judgment of conviction on October 23, 1945, for the crime of assault in the first degree should be reversed and the indictment dismissed.