Ronnie FEARS *v.* STATE of Arkansas

CR 77-114                    556 S.W. 2d 659

Opinion delivered October 24, 1977
(Division I)

*Adams, Covington & Younes,* by: *Donald J. Adams,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Ronnie Fears was charged by information with two counts of possession of a controlled substance with intent to deliver, a violation of Ark. Stat. Ann. §§ 82-2601 et seq. (Repl. 1976). Trial by jury resulted in a verdict of guilty on both counts.

On April 9, 1976, appellant unlawfully sold two kinds of controlled substances[1] to Gaylan Hutchison, an undercover agent for the Arkansas State Police, in the presence of police informant Steve Howerton. Both testified at the trial concerning the occurrence.

On appeal the first allegation of error is that the trial court erred in denying appellant's motion for a mistrial, claiming that a series of prejudicial irregularities which occurred during the course of the proceedings precluded his receiving a fair trial.

The first alleged irregularity concerns the selection of the jury. At the beginning of trial and before the jury was selected appellant moved for a continuance. The grounds were that the panel from which the jury would be selected had overheard a case involving similar evidence as well as the

---

[1]The drugs were later found to be PCP, which is defined as a Schedule 3 controlled substance, and Ionamin capsules containing phendramine, defined as a Schedule 4 controlled substance.

guilty plea and sentencing of a defendant in another case involving a drug charge.

We find no merit in this contention since appellant has failed to affirmatively show that the jurors who had served in the other cases should be disqualified from serving in the present case because of bias and prejudice. *Holland* v. *State*, 260 Ark. 617, 542 S.W. 2d 761 (1976). "The presumption is, until the contrary appears, that they [the jury] were not disqualified by prejudice or otherwise." *Hall* v. *State*, 125 Ark. 263, 188 S.W. 801 (1916). In *Pickens* v. *State*, 260 Ark. 633, 542 S.W. 2d 764 (1976), appellant, who was charged with selling a controlled substance, requested the dismissal of jurors who sat earlier on a similar case. This Court held it was not error to deny the request since the jurors were extensively voir dired and no prejudice was revealed.

In the instant case the jury had not been impaneled when appellant's motion was made for a continuance on the ground the jury was prejudiced. Appellant had ample opportunity on voir dire to inquire into any bias, prejudice or influence that might have resulted from the jurors being present during the previous trial and sentencing. We also note the voir dire of the jury is neither abstracted nor contained in the record. In short, appellant has presented absolutely no proof that any member of the jury was prejudiced or incompetent to serve in this trial.

Under this argument it is also contended that the State asked improper questions of two of its witnesses and made an improper statement during closing argument. In the first instance cited, Officer Hutchison was asked by the State whether he knew the effect of PCP on people who used it. Appellant's objection to this question was sustained, and no request for an admonition was made. The second instance occurred when Witness Howerton was asked if he had ever seen appellant in possession of large quantities of drugs. This testimony was excluded and the jury admonished.

Ordinarily the error of admitting improper evidence is cured by sustaining an objection thereto followed by an admonition to the jury to disregard the improper evidence.

*Thompson v. State,* 249 Ark. 36, 458 S.W. 2d 40 (1970). Where no request to admonish the jury is made, however, it is not error to fail to do so. See 23A C.J.S. Criminal Law, § 1066, p. 35. Therefore neither of these occurrences presents such an extraordinary situation as to warrant a mistrial.

Appellant also cites as improper and prejudicial the State's reference to him as a drug "pusher" during closing argument. Appellant's objection was sustained and the jury admonished to disregard the remark.

Previously we held a similar characterization not an unfair comment on the evidence where the record reflected that appellant was an active seller of marijuana. *Hill* v. *State,* 258 Ark. 164, 522 S.W. 2d 660 (1975). Furthermore, counsel may include in his argument to the jury matters of fact upon which there has been evidence presented. Appellant Fears freely admitted he sold the illegal drugs to Officer Hutchison as alleged. We do not find the remark made by the State was so prejudicial that any error committed could not be cured by the court's admonition.

Neither do we find, as alleged by appellant, that the cumulative effect of the errors alleged was so extreme as to prejudicially vitiate the entire trial. In order to warrant the granting of a motion for a mistrial there must be substantially stronger evidence of a continuing course of misconduct throughout the entire proceeding.

Appellant's final contention is that the trial court erred in failing to grant or require the State to grant immunity to defense witness Lisa Bryant. Her testimony was offered for the purpose of impeaching the character of Steve Howerton, a witness for the prosecution.

The granting of immunity is not a constitutional right but only one authorized by statute. Under Ark. Stat. Ann. § 28-533 (Supp. 1975) the granting of immunity is within the discretion of the prosecutor when in his judgment such a grant of immunity is necessary to the public interest. The purpose of immunity statutes is to aid the prosecution in apprehending criminals by inducing witnesses to testify for the

State. See 22 C.J.S., Criminal Law § 46(1).

The testimony of Lisa Bryant was not offered to prove appellant's guilt or innocence but as a collateral attack on Howerton's credibility. To have granted her immunity would defeat the purpose of the statutory provisions.

Affirmed.

We agree. GEORGE ROSE SMITH, FOGLEMAN and HOLT, JJ.