Floyd WASHINGTON *v.* STATE of Arkansas

CR 80-176                                    609 S.W. 2d 33
Supreme Court of Arkansas
Opinion delivered December 15, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Floyd Washington was charged with the aggravated robbery of the Stinger Sam Auto Parts store in Little Rock. The robbery occurred on June 8, 1979, and Washington was found guilty in a jury trial on April 8, 1980. After the commission of this robbery, Washington committed another robbery for which he was tried and convicted prior to the trial in this case.

On appeal, Washington argues that: (1) The State failed to show on the record that the appellant voluntarily and intelligently waived his right to the full and effective assistance of counsel; and, (2) The trial court erred in admitting, during sentence enhancement proceedings, evidence of a prior conviction which occurred after the commission of the principal offense.

In a separate hearing evidence was presented of two prior felony convictions and Washington was sentenced under the habitual criminal statute. The jury fixed his punishment at life imprisonment and the court directed that the life sentence run consecutively with any sentence the appellant was then serving.

The court finds merit in Washington's second argument which is that the trial court erred in admitting evidence, for purposes of sentence enhancement, of a prior conviction for a crime which occurred *after* the commission of the principal offense. The situation is an unusual one and presents this court with an issue that we have not decided before. The following chart will indicate the problem:

| Crime | Date of Commission of Crime | Date of Conviction |
|---|---|---|
| (1) Robbery | February 1, 1974 | May 13, 1974 |
| (2) Aggravated Robbery | June 14, 1979 | December 5, 1979 |
| (3) Aggravated Robbery | June 8, 1979 | April 8, 1980 |

Both of the last two cases were set for trial on December 5, 1979. Washington was convicted in case number 2 (above) on that date. However, case number 3 was postponed until April 8, 1980. When the jury returned a guilty verdict in case number 3, which is the case before us, the prosecutor presented the two prior "convictions" for the purpose of sentence enhancement under the Arkansas Habitual Criminal Act. That act, Ark. Stat. Ann. § 41-1001, reads as follows:

> . . . A defendant who is convicted of a felony who has previously been convicted of more than one (1) but less than four (4) felonies, or who has been found guilty of more than one (1) but less than four (4) felonies, may be sentenced to an extended term of imprisonment . . .

The Arkansas statute provides for an increased penalty for previous convictions, but fails to specify the chronological order of the commission and conviction of the previous offenses. The statutes of some states do specifically stipulate that the principal offense must be committed *after* the previous convictions. However, an A.L.R. Annotation makes it clear that:

> [R]egardless of the difference in phraseology, the preponderance of authority supports the view that the prior convictions, in order to be available for imposition of increased punishment as one as a habitual offender, must precede the commission of the principal offense, that is, the latest prosecution in point of time.

As a New York court stated in *People* v. *Kenyon*, 39 Misc. 2d 876, 242 N.Y.S. 2d 156 (1936):

> To sustain sentence as a multiple offender it must be shown that the offense in question occurred after the conviction for the crime used to support multiple offender status.

The Texas courts have recognized this distinction from earliest days when the court stated, in *Long* v. *State*, 36 Tex. 6 (1871):

Many of the Codes of the different States declare in express terms, that before the party can be visited with the increased penalty, it must appear that the subsequent offense was committed after the conviction of the former offense.

A Kentucky court, dealing with a case where two former "convictions" for felony were set up in an indictment for a third felony, was faced with a statute similar to that of the Arkansas statute, imposing an increased penalty only for those *convicted* a third time of a felony. *Brown* v. *Commonwealth*, 100 Ky. 127, 37 S.W. 496 (1896). The court explained its decision as follows:

The statute was manifestly intended to provide an increased penalty for a subsequent offense, in order to deter the offender from its reception. After punishment is imposed for the commission of a crime, the double penalty is held *in terrorem* over the criminal, for the purpose of effecting his reformation, and preventing further and subsequent offenses by him. . . . The reformatory object of the statute, namely, to provide a deterrent from further crime, would not be effected by a construction which gives to the offender no opportunity to reform.

It is this policy of deterrence that we must assume was the basis for the Arkansas Habitual Criminal Act. In interpreting this act in *Finch* v. *State*, 262 Ark. 313, 556 S.W. 2d 434 (1977), the court noted that the act "is based upon the theory that one who is a persistent offender warrants an increased punishment for the offense of which he is found guilty, for the protection of the community, because he has not been deterred by previous punishment."

Since we reverse and remand this case based on Washington's second argument, we do not find it necessary to consider at length his first argument, which was that the record did not show that he voluntarily and knowingly waived his right to counsel. At this trial, Washington asked to serve as his own counsel. The court agreed, but appointed a public defender to assist as co-counsel. The public defender conducted the entire trial except for the closing statement,

which Washington insisted on making himself. In effect Washington asked the jury to find him guilty and it did. The record reflects that Washington voluntarily and knowingly waived his right to counsel but the trial judge should have made a record of his remarks. However, Washington was correctly permitted to proceed *pro se* as he had a constitutional right to do. *Faretta* v. *California*, 422 U.S. 806 (1975).

Reversed and remanded for a new trial.