Houston E. ROOD *v.* STATE of Arkansas

CA CR 81-137                                    630 S.W. 2d 543

Court of Appeals of Arkansas
Opinion delivered March 24, 1982
[Rehearing denied April 21, 1982.]

290

*Kay L. Matthews* and *Henry N. Means, III,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. Appellant was charged with second degree murder in the death of Robert L. Meredith. After a trial by jury, he was convicted and sentenced to seven years in the Arkansas Department of Corrections. During the course of the trial, the appellant sought a ruling by the trial court granting immunity to a defense witness, who was also charged with a murder arising out of the same altercation. After the request for immunity was denied, appellant then sought to introduce a prior statement of the defense witness who had refused to testify. During closing argument, appellant's counsel attempted to suggest to the jury that the jury write a recommendation of leniency on its verdict form. The prosecuting attorney objected, and the objection was sustained. The trial court refused to discuss the basis for that ruling. Appellant urges that these three rulings were erroneous.

## THE DENIAL OF IMMUNITY

The appellant contends that he was denied a fair trial by virtue of the fact that James Long, who was charged with murdering a different individual during the same altercation which resulted in the death of Mr. Meredith, refused to testify. Appellant's counsel requested that the trial court grant Mr. Long immunity. The trial court indicated that it was not inclined to do so as it was a discretionary matter.

When Mr. Long was called to testify, he refused to answer a series of questions, claiming his privilege against self-incrimination under the fifth amendment to the United States Constitution. There is nothing in the record to indicate that Mr. Long would have responded to questions had he been granted immunity. The record also reflects that no request was made by the appellant to the prosecutor that he seek immunity for Mr. Long for the purpose of testifying in this trial.

Arkansas Statutes Annotated § 28-534 (Repl. 1979) provides that a prosecuting attorney may grant immunity after he has applied for and obtained a written order from the circuit court. The statute also provides that no immunity is to be granted until after the individual has declined to answer questions or has requested immunity before answering questions. In *United States* v. *Allesio,* 528 F. 2d 1079 (9th Cir. 1976), the United States Court of Appeals, Ninth Circuit stated:

It has repeatedly been held by this Court that the government may not be compelled to seek a grant of immunity for a prospective defense witness. *United States* v. *Bautista,* 509 F. 2d 675, 677 (9th Cir. 1975); *Cerda* v. *United States,* 488 F. 2d 720 (9th Cir. 1973); *United States* v. *Jenkins,* 470 F. 2d 1061 (9th Cir. 1972). It was noted in *Earl* v. *United States,* 124 U.S. App. D.C. 77, 361 F. 2d 531 (1966), however, that a defendant might be denied due process if the government uses its authority to seek immunity for its own witnesses, but declines to do so on behalf of the defendant.

In *Fears* v. *State*, 262 Ark. 355, 556 S.W. 2d 659 (1977), the Arkansas Supreme Court dealt with a situation where the defendant had sought immunity for a defense witness, whose proposed testimony was designed to impeach the character of a confidential informant who testified for the prosecution. In affirming the trial court's refusal to grant immunity to the defense witness, the Court stated:

> The granting of immunity is not a constitutional right but only one authorized by statute. Under Ark. Stat. Ann. § 28-533 (Supp. 1975) the granting of immunity is within the discretion of the prosecutor when in his judgment such a grant of immunity is necessary to the public interest. The purpose of immunity statutes is to aid the prosecution in apprehending criminals by inducing witnesses to testify for the State. See 22 C.J.S. Criminal Law § 46 (1).

> The testimony of [the defense witness] was not offered to prove appellant's guilt or innocence but as a collateral attack on [the informant's] credibility. To have granted her immunity would have defeated the purpose of the statutory provisions.

After considering the statutory provisions and *Fears*, *supra*, we hold that the trial court was correct in not granting immunity in this case. It is the duty of the prosecuting attorney to request immunity when, in his judgment, the interests of justice are best served. There is no allegation that the prosecutor abused his discretion by failing to request immunity, and in fact, no one requested that the prosecutor grant immunity. The only request to the trial court for a grant of immunity for Mr. Long was by defense counsel. We are unable to find any statutory authority for a request of a grant of immunity by anyone other than the prosecuting attorney. The question of whether immunity should have been granted to Mr. Long had prosecution witnesses been granted immunity on a request by the prosecutor is not before us.

## THE EXCLUSION OF MR. LONG'S
## PRIOR STATEMENT

An attempt was made to introduce a prior statement allegedly made by Mr. Long. The unsworn statement was written by Sgt. Cotton of the North Little Rock Police Department. Appellant's counsel indicated he did not intend to introduce the document for any purpose other than to discredit Donna Meredith, the wife of the victim, who had testified in a manner which tended to incriminate the appellant. The short answer to this point is that the statement was not properly authenticated and was therefore inadmissible. See, Uniform Rules of Evidence, Rule 901, Ark. Stat. Ann. § 28-1001 (Repl. 1979).

## DEFENSE COUNSEL'S CLOSING ARGUMENT

During closing argument, appellant's counsel indicated that if the jury believed that appellant killed Mr. Meredith negligently but that he did not need to go to the penitentiary, then the jury should write just above the guilty portion that "the jury recommends leniency". The prosecuting attorney objected on the grounds that such an argument was improper and the trial court sustained the objection. Appellant's counsel sought to discuss the matter further with the court but the court declined to do so.

Appellant's counsel alleges that he was entitled to advise the jury on how to recommend a suspended sentence. He appears to argue that he should have been allowed to discuss with the trial court the manner of providing such an instruction on this point to the jury. Jury instructions had already been given and we note that counsel had not proffered any instruction on this point. Therefore, the contention that the trial court should have allowed a discussion about jury instructions during closing argument is without merit. Even if this type of instruction had been proper, which we do not hold, appellant's request was untimely. Ark. Stat. Ann. § 43-2134 (Repl. 1977); *Lee* v. *State*, 145 Ark. 75, 223 S.W. 373 (1920).

Appellant's counsel urges the Court of Appeals to set

out an acceptable procedure for instructing the jury on how to recommend a suspended sentence or probation. We are disinclined to do so for any number of reasons. However, only one need be mentioned. It is the function of the Arkansas Supreme Court to adopt jury instructions or new verdict forms to amend the Arkansas Model Criminal Instructions, not the Court of Appeals. Attorneys are free to argue those penalties which are authorized under the statute. Since the jury has no authority to suspend sentences or grant probations, it is useless to argue such a point to the jury at best, and at worst it is highly misleading. We believe the trial court properly controlled and supervised defense counsel's closing argument. *Shaw* v. *State,* 271 Ark. 926, 611 S.W. 2d 522 (1981).

We find no merit in any of the points raised by appellant and therefore we affirm.

Affirmed.