Floyd WASHINGTON *v.* STATE of Arkansas

CR 82-108                                        643 S.W.2d 255

Supreme Court of Arkansas
Opinion delivered December 13, 1982

*William R. Simpson, Jr.,* Public Defender and *Howard Koopman,* Chief Deputy Public Defender, by: *Carolyn P. Baker,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. This is the second time this case has been before us. The first time the conviction of appellant, Floyd Washington, was reversed and remanded in *Washington v. State,* 271 Ark. 420, 609 S.W.2d 33 (1980) (hereinafter *Washington* I). There, we held that the trial court erred in admitting one of appellant's prior convictions for sentence enhancement purposes. Upon retrial, appellant was again convicted of aggravated robbery and sentenced as a habitual offender to life imprisonment and a $15,000 suspended fine. Appellant now argues that the trial court erred by failing to follow the law established in

the first case regarding the use of prior convictions for sentence enhancement purposes. On appeal we affirm.

In *Washington* I, the crime for which appellant was on trial was committed on June 8, 1979. In that case two prior convictions were introduced for sentence enhancement purposes:

| Crime | Date of Commission of Crime | Date of Conviction |
| --- | --- | --- |
| (1) Robbery | February 1, 1974 | May 13, 1974 |
| (2) Aggravated Robbery | June 14, 1979 | December 5, 1979 |

On appeal, we held that the introduction of the December 5, 1979 prior conviction was error, stating that the conviction date of the prior offense (December 5, 1979) must precede the date of the commission of the principal offense (June 8, 1979) in order for the prior offense to be admissible for enhancement purposes.

Then, in the subsequent cases of *Conley* v. *State*, 272 Ark. 33, 612 S.W.2d 722 (1981) and yet another Floyd Washington case, *Washington* v. *State*, 273 Ark. 482, 621 S.W.2d 216 (1981) (hereinafter *Washington* II), we reversed our ruling in *Washington* I and held that *any* prior conviction was admissible for sentence enhancement purposes, stating that the time of conviction in relation to the principal offense was irrelevant.

After our *Washington* II decision, *Washington* I came up for retrial. On retrial our rule in *Washington* I was not followed. Although a different prior conviction was substituted for the erroneous one used in *Washington* I, it too was one in which the date of conviction did not precede the date of the commission of the principal offense.

Appellant now argues that the law as established in *Washington* I, although erroneous under *Conley* and *Washington* II, should have been followed because of the doctrine of the law of the case. We do not agree.

The doctrine of the law of the case is that the decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review. *Mayo* v. *Ark. Valley Trust Co.*, 137 Ark. 331, 209 S.W. 276 (1919). However, it is not an inflexible doctrine; it does not absolutely preclude correction of error. *Ferguson* v. *Green*, 266 Ark. 557, 587 S.W.2d 18 (1979). The doctrine of the law of the case is inapplicable where, as here, during the interim between our decision in *Washington* I and retrial, we correctly set forth the applicable law in *Conley* and *Washington* II and this case law was followed on retrial.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent because I believe the law of the case is controlling. Up until the majority opinion in this case we had not created any exceptions to this rule and I cannot see the necessity of doing so at this time. We have, in effect, given our word that this case would be tried upon the theory that the enhancement provisions of the Habitual Criminal Act would not be applicable to the case before us as to convictions where the offense was committed prior to the offense of the principal case. Now this court is going back on its word and saying we are not going to do what we said we would do.

In *Washington* v. *State,* 271 Ark. 420, 609 S.W.2d 33 (1980), we decided that the Habitual Criminal Act was based upon the theory that a persistent offender warranted an increase in the punishment for the offense because he had not been deterred by previous convictions and punishment. We flipflopped in the case of *Conley* v. *State,* 272 Ark. 33, 612 S.W.2d 722 (1981). In *Conley,* we decided that we should allow any prior convictions of an accused to be used when he was subsequently sentenced. In other words, we switched from the idea that the Habitual Criminal Act was a deterrent to the idea that it was punitive.

I cannot understand the reasoning in the majority opinion citing the case of *Ferguson* v. *Green,* 266 Ark. 556,

8

587 S.W.2d 18 (1979). *Ferguson* was decided on the question of the law of the case. There we stated:

> Whatever this court decided in the exercise of its appellate jurisdiction must be considered as finally settled. (Cites omitted) This court's judgment or decree became the law of the case and the trial court could not have varied it or judicially examined it for any purpose other than carrying it into execution. (Cite omitted) No matter how irregular the decision of a superior court may be or upon what misapprehension of the facts it may have been made, it is the law of the case to the inferior court, and must be obeyed.

The plain language in *Ferguson* supports the position that we should not abandon the established doctrine of "law of the case" in Arkansas.

There is no question but that an offense used for enhancement at appellant's first trial fits the same category as the enhancement sentence used at the second trial. Therefore, it is clearly a violation of our holding in this case when it was before us in *Washington* I. The appellant was convicted in a case of *Washington* v. *State*, 273 Ark. 483, 621 S.W.2d 216 (1981), in an unrelated case. In the last-mentioned case we applied the rule that all prior convictions could be counted upon a subsequent conviction. Therefore, Washington has had it both ways. In *Washington* II, we made it quite clear when we stated:

> We decided that Arkansas's habitual criminal statute was not designed to act as a deterrent, as we had supposed in *Washington*, but is simply a punitive statute, which provides in clear language that in an appropriate case, a prior conviction, regardless of the date of the crime, may be used to increase punishment.

I am totally at a loss to understand why this court would go out of the way to overrule our prior decisions and create another loathsome exception to a rule of law.