Donnie Lynn LAIR *v.* STATE of Arkansas

CR 84-51                              675 S.W.2d 361

Supreme Court of Arkansas
Opinion delivered September 17, 1984

*John W. Settle,* by: *J. Randolph Shock,* for appellant.

*Steve Clark,* Atty. Gen., by: *Patricia G. Cherry,* Asst. Atty. Gen., for appellee.

WEBB HUBBELL, Chief Justice. Appellant Donnie Lynn Lair was found guilty by a jury of burglary and attempted rape and sentenced to concurrent terms of imprisonment of 20 and 30 years. Appellant argues three points for reversal. We find no error and affirm the judgment.

In June, 1983, appellant did some yard work for a Ft. Smith resident. He returned to her home about midnight and forced his way into the house. Appellant beat the woman and knocked her onto the floor. As he was holding the victim down, she seized a gun from a coffee table and shot him once in the hand. Appellant took the gun away from the victim and threatened to shoot her. He asked her to have sex with him and removed her clothing and took down his pants, but she persuaded him to wait until she had bandaged his hand. The victim finally convinced appellant to leave by saying that her brother would arrive soon. A medical examination later indicated that the victim had suffered a broken jaw in the attack.

Appellant moved for a mistrial after the prosecutor said to a venireman during voir dire, "Right, and if he's found guilty, he'll be sentenced in accordance with what the judge says, and normally in a case this severe, it would be penitentiary time." The motion was denied.

A mistrial is a drastic remedy to be used only where any possible prejudice cannot be cured, and we will not reverse a decision denying a motion for mistrial absent an abuse of discretion or a showing of manifest prejudice. *Moss* v. *State,* 280 Ark. 27, 655 S.W.2d 375 (1983); *Hill* v. *State,* 275 Ark. 71, 628 S.W.2d 285 (1982); *Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982). After the court refused to grant the mistrial, the prosecutor reiterated that sentencing in Arkansas was in the province of the jury, and that none of the questioning was directed at forcing the juror to determine the punishment before having all the evidence. Moreover, the appellant failed to move to excuse the juror for cause or to exercise a peremptory challenge. See *Singleton* v. *State,* 274 Ark. 126, 623 S.W.2d 180 (1981). Jurors are presumed unbiased. *Urquhart* v. *State,* 275 Ark. 486, 631 S.W.2d 304 (1982). There is nothing to indicate that appellant was prejudiced by the denial of his motion for mistrial.

The victim told the police that appellant said during the attack, "One good thing about it, you didn't scream — you didn't scream and holler like the others did." Appellant made a motion in limine seeking to exclude from evidence any reference to the appellant's comment. The motion was denied and the victim was allowed to testify to what the appellant said to her.

Appellant contends that the introduction of this evidence fails to meet our two part test for admissiblity of evidence of prior acts as set forth in *Price* v. *State,* 268 Ark. 535, 597 S.W.2d 598 (1980). Although statements by the accused during the criminal episode arguably may not need to conform to the requirements for admissibility under Ark. Unif. R. Evid. Rules 403 and 404 (b), we do not have to reach this issue because the evidence is admissible under the test set forth in *Price.*

In *Price* we said that the evidence in question must first have independent relevance to the main issue or a material point. Second, the relevance of the evidence must be balanced against the danger of undue prejudice to the defendant. Here, we find that the evidence had independent

relevance to show appellant's state of mind and intent with regard to both the burglary and the attempted rape.

Appellant's statement to the victim was part of the *res gestae;* as such, it was presumptively relevant and admissible. *Thompson* v. *State,* 280 Ark. 265, 658 S.W.2d 350 (1983). Moreover, the State is entitled to introduce evidence showing all circumstances which explain the act, show a motive for acting, or illustrate the accused's state of mind even if other criminal offenses are brought to light. *Love* v. *State,* 281 Ark. 379, 664 S.W.2d 457 (1984); *Hobbs* v. *State,* 277 Ark. 271, 641 S.W.2d 9 (1982); See also *Orsini* v. *State,* 281 Ark. 348, 665 S.W.2d 245 (1984).

The trial court has the discretion to balance evidence of prior bad acts with the possibility of undue prejudice to the appellant. Absent an abuse of the discretion, which we do not find in this case, the trial court's conclusion regarding the admissibility of the evidence must stand. *Price* v. *State.*

Appellant's third point for reversal is that the trial court erred in refusing to give his proposed jury instructions and verdict forms. Appellant's proffered instructions and verdict forms offered the jury the option of sentencing the appellant to imprisonment for not less than six (6) years nor more than thirty (30) years; probation for a period not to exceed five (5) years; payment of a fine not to exceed fifteen thousand dollars ($15,000); restitution; or imprisonment and a fine. After hearing arguments of counsel and reviewing the standard AMCI instructions and verdict forms, the trial court overruled appellant's objection and refused the offer. The Court gave the standard instructions and forms but permitted counsel to argue probation or a suspended sentence to the jury.

Ark. Stat. Ann. § 41-802 (Repl. 1977) provides in pertinent part:

Role of Court and jury in sentencing. — (1) If a defendant is found guilty of an offense by the jury, the jury shall fix punishment as authorized by this Article [§§ 41-801—41-1309]. (2) Except as provided in

Chapter 13 [§ 41-1301—41-1309], the Court shall fix punishment in any case where: . . .

In *Gardner* v. *State*, 263 Ark. 739, 761, 569 S.W.2d 74 (1978), we held that "[o]bviously the word 'court' in the context in these sections refers to the judge, and not the judge and jury, just as it does in the context of our previous decisions on the subject." The significance of the *Gardner* decision is not altered by the addition of new sentencing options made available to the court by recent amendments to Ark. Stat. Ann. § 41-803 (Supp. 1983).

The jury has no authority to grant probation. See *Rood* v. *State*, 4 Ark. App. 289, 630 S.W.2d 543 (1982); Ark. Stat. Ann. § 41-1201 et seq. (Repl. 1977). In *Killman* v. *State*, 274 Ark. 422, 425, 625 S.W.2d 489 (1981), we noted that "[s]ection 41-1201 sets out the criteria for the court in making a determination as to suspension or probation. . . . Therefore, questions of mitigation are properly presented to the court which has the responsibility of sentencing after the maximum punishment is fixed by the jury." *See also Heard* v. *State*, 272 Ark. 140, 147, 612 S.W.2d 312 (1981).

We have consistently held that non-model instructions are to be given only when the trial court finds that the AMCI instruction does not accurately state the law or is inapplicable. *Blaney* v. *State*, 280 Ark. 253, 657 S.W.2d 531 (1983); *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980). The instruction given by the court here correctly set out the law and the range of sentencing upon conviction for burglary and attempted rape. Arguments for probation are properly addressed to the trial court after the jury has reached its verdict in accordance with the applicable instructions.

Affirmed.