Mark Christian HENDERSON *v*. STATE of Arkansas

CR 84-153                                                684 S.W.2d 231

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*Philip M. Clay* and *James C. Graves,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of capital felony murder and sentenced to life without parole. He presents four arguments in his appeal: I) the trial court erred in failing to grant appellant's motion for a new trial because a witness was allowed to testify in violation of the rule; II) the court erred in refusing to give appellant's requested non-AMCI instruction on corroborating evidence; III) it was error not to grant appellant's motion for a directed verdict because the evidence did not support a finding of robbery; and IV) it was error to deny a motion in limine to prevent testimony that the victims' child was in the vehicle where the homicide occurred. We find that the court was correct in each instance and affirm the case.

Steve and Diane Francis were found shot to death on January 30, 1982. Their infant child was found unharmed in the floor of the automobile where the bodies of the Francises were found. Four cents was the total amount of money found on the victims. Appellant and Jeff Brown were charged with felony murder based upon an allegation that the Francises were murdered in the course of a robbery.

Johnny Gould, a deputy sheriff, was listed as a prosecution witness and was present at the beginning of the trial. He was "knocked off" the list by the prosecutor in order to allow him to attend to other duties. He came back into the courtroom while one or two defense witnesses testified or had their depositions read to the jury. Gould was called as a rebuttal witness and testified on matters pertaining to the jail records. Specifically, the records indicated that the appellant and Jeff Brown were not at the jail at the same time.

I

Appellant's first allegation is that prejudicial error resulted when the trial court rejected his motion for a new

trial based upon the fact that officer Gould was allowed to testify in violation of the sequestration rule on witnesses. The error was first raised in the motion for a new trial and was therefore not timely. Failure to object at the time the evidence is offered amounts to a waiver. *Bly* v. *State*, 267 Ark. 613, 593 S.W.2d 450 (1980). In finding no prejudice of a substantial right in the circumstances of this case we note that the testimony of witness Gould could have been presented by another custodian of the records and was in no manner based upon the testimony he may have heard upon returning to the courtroom. Additionally, motions for new trials are governed by Ark. Stat. Ann. § 43-2203 (Repl. 1977), and the ground alleged here does not seem to meet the requirements of the statute.

## II

Although appellant's requested instruction concerning the sufficiency of corroborating evidence may have been correct, it was not error to refuse to give it if the other instructions given covered the issue. *Wallace* v. *State*, 270 Ark. 17, 603 S.W.2d 399 (1980). Non-AMCI instructions should be given only when the trial judge finds that the AMCI instruction does not state the law or AMCI does not contain a needed instruction on a subject. *Blaney* v. *State*, 280 Ark. 253, 657 S.W.2d 531 (1983). AMCI instructions on the presumption of innocence, reasonable doubt, circumstantial evidence, and accomplice testimony, which specifically requires corroboration, were given. We find that the instructions given were sufficient and it was not error to reject the proffered non-AMCI instructions.

## III

The third argument for reversal is that the corroborating evidence of a robbery of the victims is insufficient. On the first appeal of this case we held the evidence was sufficient to support the conviction although we reversed on other grounds. We consider whether the law of the case is controlling on the issue of sufficiency of the evidence to support the conviction. Decisions of the appellate court generally become the law of the case on retrial. The law of

the case applied to admissibility of evidence when the evidence is not materially different from that previously before the court. *Upton* v. *State,* 257 Ark. 424, 516 S.W.2d 904 (1974). The law of the case precludes the appellant from assigning as error arguments decided on the first appeal. *Mode* v. *State,* 234 Ark. 46, 350 S.W.2d 675 (1961). We consider all alleged errors, even if the law of the case prevails. We consider all alleged errors in felony cases whether they are argued in the brief or not. *Mode,* supra. A purpose of such rule is to prevent the appellant from saving a point on the first appeal in order to have a second appeal on the same facts.

The law of the case is not an inflexible doctrine. For example, when the law has changed between trials the correct law will be applied to the second trial and appeal. *Washington* v. *State,* 278 Ark. 5, 643 S.W.2d 255 (1982). The doctrine does not absolutely preclude correction of error. *Ferguson* v. *Green,* 266 Ark. 556, 587 S.W.2d 18 (1979). The logic and reasons for holding the law of the case controlling would not seem to apply where competent evidence presented at a second trial was materially different from that presented at the first trial. For example newly discovered evidence could cause us to reconsider the sufficiency of the evidence to support a conviction. However, in the present case the evidence presented at the second trial was not materially different from that at the first and the doctrine is applicable. Even if we were to reconsider the sufficiency of the evidence we would hold it is sufficient to support the convictions.

## IV

A motion in limine was made to preclude evidence of the victims' child being found in the vehicle with the parents' bodies. The court correctly overruled the motion. In *Russell and Davis* v. *State,* 262 Ark. 447, 559 S.W.2d 7 (1977), we held that separate and isolated crimes or facts may be shown to fully illustrate the circumstances connected with the charge being tried. When acts are intermingled and contemporaneous with one another, they may be proven as a part of the whole criminal scheme. *Russell and Davis* v.

*State,* supra; *Thomas* v. *State,* 273 Ark. 50, 615 S.W.2d 361 (1981). Evidence that appellant attempted to shoot the baby is an integral and interwoven part of the criminal scheme and tended to show motive or intent. Unif. R. Evid. 404 (b). A limiting instruction was not requested.

Pursuant to Ark. Sup. Ct. R. 11 (f), we have examined the record for overruled objections and motions and find none which were prejudicial to the appellant.

Affirmed.