The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Stodola:
This is in response to your request for an opinion clarifying the subject matter of Op. Att'y Gen. 94-398, recently issued to Mr. James A. Badami, Executive Director of the Arkansas Judicial Discipline and Disability Commission. That opinion answered in the affirmative the question of whether a prosecuting attorney, pursuant to A.C.A. § 16-10-404(b)(3) (Repl. 1994), in conjunction with A.C.A. § 16-43-603 (Repl. 1994), may grant immunity from criminal prosecution to a reluctant witness appearing during a Judicial Discipline and Disability Commission investigation.
You have stated that of primary concern is the fact that your office is not a part of the Commission's investigatory process and in fact has no role whatsoever in the proceedings before the Commission. You state that your office is therefore unable to represent to a court with any degree of accuracy those areas of alleged criminal conduct for which the Commission wishes a grant of immunity. In addition, you make reference to your December 19, 1994 letter to Mr. Badami, which stated your general understanding that the nature of the Commission's investigation "was of such a nature that this office generally does not pursue cases of that type against individuals who may admit to past conduct which may be been criminal in nature." You have posed the following questions in light of these concerns:
 Inasmuch as prosecutors are not a part of the interviewing process of the Judicial Discipline and Disability Commission, how can they represent with any degree of certainty to the Circuit Court the degree and scope of immunity requested by the staff of the Commission? What procedures should be used to determine whether the request for immunity is either for transactional immunity or use immunity and for what period of time should such grant of immunity be extended? What form and fashion should such representations take from both the Commission to a prosecutor and in what form and fashion should same be made by a prosecutor to the Circuit Court?
It should be noted that the first question you have posed is not a question of law which can be resolved in a legal opinion, but rather is a practical question concerning the implementation of a law, which questions are usually best left to the officials charged with the execution of the law. It would appear from your statements, however, that if enough is known about the subject matter involved to make a judgment that the conduct would not ordinarily be pursued criminally by the prosecutor, enough would be known to inform the circuit court of the nature of the actions or testimony for which immunity is sought. In any event, in my opinion the "degree and scope of immunity" requested need not be delineated in detail to the circuit court, as it is governed entirely by statute. As noted in Op. Att'y Gen. 94-398, § 16-10-404(b)(3) provides that the prosecuting attorney may be asked by the Commission "to seek to obtain immunity for a reluctant witness using the procedure outlined in A.C.A. § 16-43-601 et seq." That subchapter provides that if an order to testify is issued pursuant to its provisions, a witness may not refuse to comply with the order on the basis of his privilege against self-incrimination. "However, no testimony or other information compiled under the order or any other information directly or indirectly derived from such testimony or other information, may be used against the witness in any criminal case except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order." A.C.A. §16-43-603. The "degree and scope" of the immunity requested will be that the testimony shall not be used against the witness in "any criminal case" except as stated above. It has been stated under this procedure that the "granting of immunity is within the discretion of the prosecutor when in his judgment such a grant of immunity is necessary to the public interest. Fears v. State, 262 Ark. 355, 358, 556 S.W.2d 659 (1977). The subchapter is silent upon providing any information to the court as to the nature of the conduct for which immunity is sought. It states merely that the prosecuting attorney may request such an order when: 1) the testimony or other information from the individual may be necessary to the public interest; and 2) the individual has refused or is likely to refuse to testify on the basis of his privilege against self-incrimination. See A.C.A. § 16-43-604(b). The subchapter provides that the court "shall" issue an order upon request of the prosecuting attorney in accordance with subsection (b) above. See A.C.A. §16-43-604(a).
In response to the second part of your question, it is my opinion that the immunity authorized at A.C.A. §§ 16-43-601 to -606 is a type of "use" immunity, in that the testimony given cannot be "used" against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order. Cf.Hammers v. State, 261 Ark. 585, 550 S.W.2d 432 (1977). The period of time for which the immunity is extended is indefinite. The testimony given may not ever be used against the witness in any criminal case except as stated.
In response to the last part of your question concerning what "form and fashion" the representations should take from the Commission to the prosecutor, again, this is not a question of law, but rather one of implementation. Apparently the Commission has not had difficulty in expressing its request to you for the immunity. As to what "form and fashion" the prosecutor should use in petitioning the circuit court, A.C.A. § 16-43-604 states that the prosecuting attorney may "request an order" under that statute when in his judgment the testimony may be necessary to the public interest, and the witness has refused to testify or is likely to refuse to testify based upon the privilege against self-incrimination. Should any further guidance be needed on the "form and fashion" of the representations made by the prosecutor, it will likely be provided by the court.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh