STATE OF IOWA, Appellee, v. PETER SYMENS, Appellant.

**Rape:** COMPLAINTS OF PROSECUTRIX: EVIDENCE. On a trial for rape the State may show recent complaints of prosecutrix to the person to whom they would naturally be made; and while it is not permissible for such evidence to go into the details of the complaints made enough may be given in evidence to show the nature of the complaints, even though it involves to some extent the particulars thereof.

**Physical appearance of prosecutrix:** EVIDENCE OF. It was not error to permit an assistant county attorney, who was present at a physical examination of prosecutrix shortly after the commission of the crime of rape, to detail the appearance of the limbs and genital organs of prosecutrix.

**Examination of witnesses:** REDIRECT. Where the fact that prosecutrix did not make an outcry at the time of the assault upon her is brought out on cross-examination, the State is entitled to her explanation of such fact on redirect.

**Evidence:** ADMISSIBILITY. An inquiry which assumes facts not in evidence, or which elicits matter for impeachment purposes for which no foundation has been laid, should be excluded.

**Assault with intent to rape:** INSTRUCTION. An instruction to the effect that if defendant did not commit rape because plaintiff consented to the intercourse, still if such consent was not given until after defendant had assaulted her with intent to commit rape he should be convicted of the latter offense, is approved.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER, Judge.

WEDNESDAY, APRIL 8, 1908.

DEFENDANT was indicted for the crime of rape. Upon trial to a jury he was convicted of an assault with intent to commit a rape, and appeals to this court.— *Affirmed.*

*F. A. Cooper* and *W. H. Peterson,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

DEEMER, J.— The prosecutrix was barely over the age of consent, and defendant is her brother-in-law. The offense is said to have been committed on an island in the Missis-

1. RAPE: complaints of prosecutrix: evidence.

sippi river, to which point the defendant took the girl in a rowboat. There can be no question that the verdict has sufficient support in the evidence, and, if there be a reversal, it must follow from some error committed by the trial court. Many of these are assigned, and to such as seem to merit attention we shall now refer. We extract the following from the abstract showing the record with reference to complaints made by the prosecuting witness:

Q. Did you complain of the act of Peter Symens to your mother at that time? A. Yes; I did, just as soon as I got home, and I asked her if anyone was home. Q. Did you tell your mother what act Peter Symens had done to you? (Objected to as incompetent, irrelevant, immaterial, and calling for hearsay evidence. Objection overruled. Defendant excepts.) A. I just told her— Q. Just say "Yes" or "No." A. I just complained to her. (Motion that answer be stricken out as not responsive. Sustained. Question read.) A. Yes, sir; I did. Q. You may state whether you told your mother that Peter Symens had had sexal intercourse with you against your will. (Objected to as calling for the conclusion of the witness; incompetent, irrelevant and immaterial and hearsay evidence. Motion overruled. Defendant excepts.) A. Yes, sir.

Prosecutrix's mother was on the witness stand, and the following is her testimony and the record with reference to this matter:

Q. You may state whether or not your daughter, Mary Potter, at that time told you that Peter Symens had had sexual intercourse with her by force and against her will that night. A. Yes, sir. By Mr. Cooper: Object to the question on the ground that it is leading and suggesting the words in the witness' mouth. By the Court: Well, it is not a leading question. It is a suggestive question. The State has a right to the testimony. There may be some difficulty

about the form of the question.    The State should reword
the question.    By Mr. Hamann:    When Mary Potter, your
daughter, came home what did she say to you?    (Objected
to as incompetent, irrelevant, and immaterial, calling for a
conversation not in the presence of defendant.    Objection
sustained.)    By the Court:    I will sustain this objection,
but I will not sustain the other one now.    Objection of Mr.
Cooper to question is overruled.

Appellant concedes that the State may show recent com-
plaints of the prosecutrix to the person to whom they would
naturally be made; but he says that the particulars thereof
are not admissible, and that, for this reason, the trial court ·
was in error in the rulings complained of.    It is true that
the witness should not be permitted to detail the particulars
of the complaint; but it is equally true that enough may be
given in evidence to show the nature of the complaints, even
though it involves to some extent the particulars thereof.
*State v. Barkley,* 129 Iowa, 484; *State v. Peterson,* 110
Iowa, 647; *State v. Egbert,* 125 Iowa, 447; *State v. Bebb,*
125 Iowa, 495; *State v. Icenbice,* 126 Iowa, 21; *State v.
Andrews,* 130 Iowa, 609.    Following this rule, it is apparent
that the court did not err in its rulings.    There was nothing
objectionable in the testimony given by the mother.

II.    The assistant county attorney was present at an
examination made by a doctor of the prosecutrix's private
parts shortly after the offense was committed, and he was

**2. PHYSICAL APPEARANCE OF PROSECUTRIX: evidence of.** permitted over defendant's objections to state
to the jury their appearance.    He did not pre-
tend to be an expert, but merely detailed the
physical appearance of the limbs and genital organs of the
girl.    In this there was no prejudicial error.

III.    On re-examination prosecutrix was asked to tell
the jury why she did not " scream and holler "

**3. EXAMINATION OF WITNESS: redirect.** while the defendant was assaulting her, and,
over defendant's objections, she was permitted
to answer saying that she was too frightened to scream.    As

the matter was brought out on cross-examination the State had the right to prosecutrix's explanation of the fact that she did not scream, and there was no error here.

IV.   Prosecutrix's mother on cross-examination stated that she had had no trouble with defendant either before or after his marriage.   Defendant's wife was a witness on his behalf, and she was asked as to whether or not her mother had at any time made any threats against defendant.   Objection to the question was sustained. In this there was no error.   The question was improper, in that it assumed certain facts; and it was immaterial and irrelevant, in that no foundation was laid for the introduction of the testimony.   Other rulings on evidence are complained of, but none are of sufficient importance to demand separate consideration.   No prejudicial error appears in any of them.

*4. EVIDENCE: admissibility.*

V.   Certain of the instructions are complained of.   As to two of these, it is said that they assume certain facts as true which were, in fact, in dispute.   There is no merit in this.   Others are complained of because it is said they justified a conviction, even though prosecutrix consented to all that was done.   We shall not set out these instructions.   They relate to included offenses, and do not attempt to define the essential elements of these offenses.   These matters are covered in other instructions which are not complained of.   If the jury followed these instructions, as we must assume that it did, it could not convict the defendant without finding an unlawful assault. There is no merit in the contention that defendant may have been convicted, although prosecutrix consented to the assault. This instruction (in addition to others upon the subject of assault and assault and battery) was sufficient to admonish the jury that defendant could not be convicted if prosecutrix assented to all that was done.   The instruction reads:   " Under the evidence in this case, if you should find that the defendant did not commit rape, because Mary Potter con-

*5. ASSAULT WITH INTENT TO RAPE: instruction.*

sented to sexual intercourse with the defendant, if you still believe beyond a reasonable doubt that such consent was not made on her part until after the defendant had assaulted her with intent to commit rape, then the defendant is notwithstanding such consent guilty of assault with intent to commit rape, and you should so find."

No prejudicial error appears; and the judgment must be, and it is, *affirmed*.