LINDSEY *v.* STATE.

4486                                                          209 S. W. 2d 462

Opinion delivered March 22, 1948.

---

*Reinberger & Eilbott,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The defendant was charged with having raped Margaret Euseppi, sixteen-year-old high school student and part-time waitress in a Pine Bluff cafe. Appeal is from a judgment based on the jury's verdict that the crime was assault with intent to rape. Sentence imposed was seven years in prison.

Of the fourteen errors alleged in the motion for a new trial, two are argued: (a) Because the State's evidence went only to the charge of rape, the jury ought not to have been instructed that assault with intent is embraced within the information alleging rape. (b) Mrs. Carl Euseppi, sister-in-law to the prosecuting witness, was permitted to testify that after Margaret had given an account of Lindsey's conduct, she (the witness) did not report it because Margaret thought the transaction should not be made public.

Margaret's uncorroborated testimony regarding the crime and circumstances attending it was sufficient to convict.

Appellant is mistaken in thinking that *attempt* is not included in a charge of rape. He relies upon *Whittaker* v. *State,* 171 Ark. 762, 286 S. W. 937, where Mr. Justice WOOD said the trial court correctly instructed that, under the testimony there, the appellant, if not guilty of rape, was entitled to an acquittal. He did not say, however, that it would have been error to instruct that attempted rape was included in the greater charge. On the contrary, (and in the same paragraph quoted by appellant) Judge WOOD emphasized the fact that Whittaker did not request an instruction on the lesser offense—"which offense is embraced in an indictment for rape", hence the appellant was not in a position to complain of the Court's action in giving Instruction No. 1, to the effect that *under the evidence* Whittaker's act was

rape, or no crime at all. See *Bradshaw v. State,* 211 Ark. 189, 199 S. W. 2d 747. The Bradshaw case also holds that the State is not required to corroborate testimony given by the victim, since she is not an accomplice.

The testimony of Mrs. Carl Euseppi in explanation of Margaret's reluctance to publicize the wrong that had been done her was admissible. Wharton's Criminal Law, v. 1, p. 984, § 727, says it is generally held that in a prosecution for rape, and after the prosecutrix has testified to the main facts of the offense, evidence in corroboration may be received. It is competent to show that after the outrage the prosecutrix made complaint to the person or persons to whom a statement of such an occurrence would naturally be made, together with the circumstances under which it was made, where such complaint came within a reasonable time. In *Skaggs v. State,* 88 Ark. 62, 113 S. W. 346, consonant with Wharton, Chief Justice HILL's opinion declares the law to be that testimony may be received to show that the prosecutrix made complaint, but details of the complaint are not admissible unless they are a part of the *res gestae,* or in corroboration of testimony given by the prosecuting witness when it is attacked.

The rule of admissibility of testimony such as appellant complains of was discussed by Mr. Justice RIDDICK in passing upon the defendant's contention that a witness was permitted to give "the particular facts which Julia Lagrone, the prosecuting witness, related . . . when making complaint of the assault". *Williams v. State,* 66 Ark. 264, 50 S. W. 517. In holding the State had a right to show that the injured woman complained of treatment she had received, Judge RIDDICK said that particular facts stated by her were not competent on direct examination. The case was cited in *Hammer v. State,* 104 Ark. 606, 150 S. W. 142. But see *Bridger v. State,* 122 Ark. 391, 193 S. W. 962, where it was held that statements made to schoolmates by one who claimed to have been raped, were not admissible for the purpose of corroborating the prosecutrix.

A more liberal rule of admissibility was applied in *Bader v. State,* 57 Tex. Cr. R. 293, 122 S. W. 555. It was

there said that evidence of the details of the statement made by prosecutrix to her mother, to the effect that the accused had done her very wrong, and the circumstances and reasons for the disclosure (which had been for some time withheld) was admissible.

An Iowa case—*State* v. *Symens,* 138 Ia. 113, 115 N. W. 878—holds that the State, on disclosing recent complaints of the prosecutrix, cannot show the particulars, but only their nature, "though [this] involves to some extent the particulars".

The true rule would seem to be that while evidence may be admitted to show that the prosecutrix, within a reasonable time, reported the crime to an appropriate person and told *what* occurred, and the person receiving the information may testify that an accusation was made, yet it is not competent for such witness to support testimony of the prosecutrix by repeating in detail what was said by the prosecutrix. In the circumstances referred to statements must be confined to the essential fact that the attack was reported. Details must be restricted to those reasonably necessary to an understanding of the nature of the offense alleged.

It is difficult in criminal cases for a trial court to at all times limit testimony to the narrow channel a defendant would circumscribe. Usually it is not practicable for a Judge to anticipate the precise range a response may take. In the case at bar the Court meticulously rejected all but permissible statements, only allowing Mrs. Euseppi to explain why she did not tell others what Margaret had said. Disclosure made by the answer was that Margaret "begged me not to [tell]". Appellant thinks the reply was prejudicial in that it had a bearing on whether Margaret consented to an act of intercourse. But there was no evidence of intercourse by consent. The defendant denied flatly that he acted improperly from a sexual standpoint; hence consent is not involved.

Affirmed.