GABBARD *v.* STATE.

4821                          285 S. W. 2d 515

Opinion delivered January 9, 1956.

No brief for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for appellee.

J. SEABORN HOLT, Associate Justice. May 16, 1955 a jury found appellant, John Gabbard, guilty of the crime of indecent exposure of the person under § 41-1127 Ark. Stats. 1947-Supplement, and fixed his punishment at a term of six months in prison. From the judgment comes this appeal. Only one brief, that of the State, has been filed here.

Appellant's motion for a new trial contains nine alleged assignments of errors. Under the first five he, in effect, contends that the evidence was not sufficient to support the verdict. We do not agree. Section 41-1127 above provides: "It shall be unlawful for any person with lascivious intent to knowingly and intentionally expose his or her private parts or genital organs to any other person, male or female, under the age of sixteen (16) years. [Acts 1953, No. 94, § 2, p. 281.]"

I

R. E. Griffin, a witness for the State, testified that appellant came to his home on Mitchell Street in Fayetteville and inquired for the mother of the little 14 year old girl involved here. Quoting from his testimony: ''A. Well, he just come down there, said he wanted to talk with me awhile and this little girl and me was out in the yard there and he kept throwin' his gab at her and directly they went off to see her mother . . . Q. Now, did you hear him talking to the little girl? A. I sure did. Q. Do you remember what he said to her? A. I couldn't remember it all. He just said that he wanted to see her mother, it had been a long time since he had seen her. Q. Did she go with him in the car? A. She went with him in the car. Q. Which way did they leave from your house? A. They went east to the fair ground where the new street is. Q. Went east? A. Yes, east on Mitchell Street in front of my door. Q. When did you next see these two people that afternoon, if you did see them? A. Well, they come from the north and when he got even with this street, he stopped and let her out and she didn't much more than hit the ground until he put the gas to it and left. Q. Now, will you tell the jury or describe to the jury the condition of the little girl when she got out? A. Well, sir, she was a cryin' and she didn't get much further than that table there, she said, 'He mistreated me.' ''

The little girl testified that Gabbard asked her where her mother was and she told him her mother was working at the Home Town Cafe. Gabbard asked her to go with him and she did. Gabbard drove out by the University farm and on out by the lime kiln and then stopped on the top of a mountain, then came around and opened the car door, shoved her down in the seat. He had his personal parts out and asked her to zip up his breeches but she refused to do so. A car then came along and he acted like something was wrong with the car. After the car passed he got on top of her. She was crying at the time. She saw his private parts when he got off her and that he tried to have sexual intercourse with her. As indicated, this evidence was ample to support the verdict.

## II

Appellant next contends that the court erred in allowing R. E. Griffin to testify over his objections, that the prosecutrix told him [Griffin] on her return that the appellant had mistreated her. This evidence was properly admitted in the circumstances. It was proper evidence to show that this little girl accused appellant of the offense charged. It was proper for Griffin to state that the accusation of the prosecutrix was made to him, but he was not permitted to state any of the details as stated to him by the little girl. "The true rule would seem to be that while evidence may be admitted to show that the prosecutrix, within a reasonable time, reported the crime to an appropriate person and told what occurred, and the person receiving the information may testify that an accusation was made, yet it is not competent for such witness to support testimony of the prosecutrix by repeating in detail what was said by the prosecutrix." *Lindsey* v. *State,* 213 Ark. 136, 209 S. W. 2d 462.

## III

Next, appellant says that the court erred in allowing the following question to be propounded to the mother of the prosecutrix and her answer:

"Q. As her mother, do you know whether or not she has menstruated yet?

A. No sir, she hasn't."

The record reflects there was no objection made to this question and answer. It is now too late to raise this question for the first time here. See *Yarbrough* v. *State,* 206 Ark. 549, 176 S. W. 2d 702.

We have carefully examined the remaining assignments of alleged errors and find each to be wholly without merit. The judgment is affirmed.