Leroy BURRIS *v.* STATE of Arkansas

CR 79-17                                                     580 S.W. 2d 204

Opinion delivered April 30, 1979
(Division I)

*Albert R. Hanna,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Leroy Burris, was convicted of rape and sentenced to 20 years' confinement. He contends that the trial court should not have permitted each of two witnesses to testify that the prosecutrix, within a few minutes after the occurrence, stated that she had been raped by Burris. We hold that both statements were admissible.

The prosecutrix testified that, in the absence of her husband, Burris forced her into her apartment and raped her. When she managed to escape she ran, nearly naked, to a neighbor's house and called the police. Officer Worth answered the call and testified that when he reached the house the prosecutrix was "very hysterical. She was crying, wringing her hands." It took the officer a few minutes to get her calmed down to where he could get any information from her. She then said that she had been raped by Leroy Burris.

The prosecutrix also called her brother within 15 or 20 minutes after the occurrence. He testified that she sounded really hysterical, that she was "all shook up" and was crying. At first she wouldn't say what had happened, but she finally said that she had been raped by Leroy. The witness went to his sister's apartment and saw her within five minutes after the call. Officer Worth was there, and she was still hysterical and crying.

The statements were admissible as being part of what was formerly referred to as the res gestae. The matter is now covered by Rule 803 (2) of the Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Supp. 1977), which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
> * * * * *
> (2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

The trial judge was unquestionably justified in concluding from the testimony that the prosecutrix's experience had been a "startling event" and that she was still under the stress of excitement caused by it when she made the two statements. They were therefore admissible under the quoted Rule.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.