Olen Jerry WEAVER *v.* STATE of Arkansas

CA CR 80-73                                    612 S.W. 2d 324

Court of Appeals of Arkansas
Opinion delivered February 4, 1981
Rehearing denied March 11, 1981

*Robert S. Blatt*, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. The appellant, Olen Weaver, was convicted of first degree sexual abuse and the jury imposed a penalty of four years in the Arkansas Department of Corrections and a $2,500 fine. Weaver raises three points for reversal.

First, it is argued by Weaver that the trial court erred in overruling his motion for a mistrial when, during *voir dire* examination of a juror, the prosecutor stated:

> This case involves, basically it boils down to the testimony of a little girl who was eight years old at the time of the offense, and of course, this adult who is sitting here is the Defendant. The fact that the girl, this little girl —

After the trial court overruled the motion for mistrial, the court gave a cautionary instruction to the jury to the effect that the prosecuting attorney would rephrase the last question, and that they should disregard the content of the last question. Weaver contends the prosecuting attorney's comment violated his right not to testify under the Fifth Amendment to the United States Constitution, and because of the comment, he was compelled to testify. We disagree with this contention.

The law is settled that comment on the failure of a defendant to testify in a criminal case is a violation of the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution which is applicable to the States by the Fourteenth Amendment. *Griffin* v. *California*, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1969). It is also clear that seeming violations may be harmless error where the State can show that it did not contribute to the verdict or that there was

no reasonable possibility that the comment might have contributed to the verdict. *Chapman* v. *California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d (1967). In the *Chapman* case, the Court held that to determine whether a comment contributed to the verdict, the reviewing court must examine: (1) the strength of the evidence, and (2) the nature and extent of the comment.

In applying these criteria to the case at bar, we conclude that the evidence before the jury was substantial even if we were to limit our review to the testimony of the victim, Donna. Our Supreme Court has held that no corroboration of the victim's testimony is necessary in a case involving an alleged sex offense. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W. 2d 345 (1980).

Donna related to the jury how Weaver took her pants and shorts off, that he put his hand on her vagina and that he rubbed her from side to side. In addition to Donna's testimony, we also examine the testimony given by her mother, who substantiated Donna's version of what Weaver had done soon after the encounter occurred. Moreover, another witness called by the State testified that Weaver was in Donna's house on the day of the crime.

The second criteria required by *Chapman* is the most important when we review the comment made on *voir dire*. After examining the statement made by the prosecuting attorney, it is difficult to understand how it prejudiced Weaver or, indeed, caused Weaver to feel he was in any way compelled to testify. To consider the prosecutor's remarks in their proper context, we must review the questions, answers and comments before and after the challenged comment:

[BY THE DEPUTY PROSECUTING ATTORNEY:]

Q. I see from your jury questionaire that you have four children.

A. Right.

Q. How old are they?

A. I have a 19-year old, 16-year old, 10-year old — I'm sorry, I forgot the oldest. I have one that is 20.

Q. This case involves, basically it boils down to the testimony of a little girl who was eight years old at the time of the offense, *and of course, this adult who is sitting here is the Defendant.* The fact that the girl, this little girl —

* * *

THE COURT: The Deputy Prosecuting Attorney will rephrase the last question and you will disregard the content of the question that he just asked.

A. Yes, sir.

Q. The State intends to call as a witness an eight year old girl who was the victim of this offense. The fact that she is eight years old in and of itself, would that cause you to disbelive anything that she would have to say; just the sole basis of her age?

A. I don't think so.

A. Of course, you would have to hear all the evidence and hear all — I understand you would have to hear everything she had to say and everything all the other witnesses that might testify would have to say, but just because of her age you would not hold that against her and feel she was not worthy of belief?

A. (Nods head in negative.)

[Emphasis supplied.]

From the colloquy above, one clearly discerns the sole purpose of the prosecuting attorney's remarks was to elicit the juror's expressed intentions on whether the juror would believe an eight year old girl's testimony. There was no reference by the prosecutor to Weaver's testimony or possible testimony. Rather, the prosecutor merely identified Weaver to the juror as the adult Defendant. The prosecutor then im-

mediately proceeded to inquire whether the fact the little girl is eight years old would cause the juror not to believe what she would have to say. If we were to conclude (as Weaver suggests) that the prosecutor's statement was a comment on Weaver's right to remain silent, we would be constrained not only to take the prosecutor's statement out of context, but we also would be forced to give the words used a meaning different than that commonly understood and intended. After a review of the prosecuting attorney's *voir dire* of all jurors, we are convinced beyond a reasonable doubt that the prosecutor's comment was harmless.

The next argument of Weaver's is that the trial court committed error when it allowed the mother to testify to information that she gained from Donna shortly after the offense occurred. This issue is controlled by our Supreme Court's decision in *Burris* v. *State*, 265 Ark. 604, 580 S.W. 2d 204 (1979). In *Burris*, the prosecutrix testified Burris forced her into her apartment and raped her. She managed to escape and ran to a neighbor's house and called the police. A police officer answered the call and later testified at trial that the prosecutrix was "very hysterical" and it took a few minutes to calm her down. The officer testified further that she then said that she had been raped by Burris. The prosecutrix also called her brother within fifteen or twenty minutes after the occurrence. The brother also testified at the trial that she sounded "really hysterical," and he stated that she finally said that she had been raped by Burris. The Court in the *Burris* case held that the prosecutrix's experience had been a "startling event," that she was still under the stress of excitement when she made the statements to the officer and her brother and these statements were admissible as an excited utterance pursuant to Rule 803(2) of the *Uniform Rules of Evidence*.

The evidence in the record before us is comparable to, if not stronger than, that presented in *Burris*. Here, we have an eight year old girl who related that Weaver had hit her, undressed her, rubbed her vagina and took out his "private place." He also told her to lie to her mother when she returned home. After Weaver let her out of his car, Donna went home, told her mother the lie that Weaver told her to tell, and

when she did, Donna broke down crying and she then told the truth. As was true in *Burris*, we consider and view the above facts in light of Rule 803(2) of the *Uniform Rules of Evidence*, which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

We have no problem in deciding that the mother's testimony which was based on her conversation with Donna is admissible as an excited utterance under Rule 803(2) above. Without question, Donna had undergone a startling event and continued in an extremely emotional state of mind when she discussed the event with her mother.

The third and last issue argued by Weaver is that the trial court erred in instructing the jury that he could be guilty of rape. The evidence in the record was in conflict and reflects that Donna denied that Weaver penetrated her vagina with his finger. However, Donna's mother testified at the trial that Donna told her that he had penetrated her. The court instructed the jury that Weaver could be guilty of rape, sexual abuse in the first degree, sexual solicitation of a child, or, of course, he could be found not guilty. The jury found him guilty of first degree sexual abuse. Weaver contends the evidence did not warrant an instruction on rape, and that the court in doing so prejudiced him by enhancing his punishment on the lesser included offense of sexual abuse in the first degree. In advancing this contention, Weaver cites no authority and virtually no argument except that "it is common knowledge that prosecutors often overcharge and file a higher type offense when they know the jury will find a lesser included offense." We adopt the position taken by our Supreme Court in *Dixon v. State*, 260 Ark. 857, 545 S.W. 2d 606 (1977), wherein it held:

> Assignments of error presented by counsel in their brief,

unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken.

We feel the rule enunciated in *Dixon* is designed to dispose of the type assertion or contention as we have before us now. In view of our decision, it is unnecessary to consider the State's other arguments that Weaver failed to object to the rape instruction in the trial court proceeding and that any such objection was rendered moot when the jury convicted him on the lesser charge of sexual abuse.

For the foregoing reasons, we affirm the judgment.

Affirmed.

CORBIN and CLONINGER, JJ., not participating.