Thomas Jeffery TACKETT *v.* STATE of Arkansas

CA  CR  84-26                                          670 S.W.2d 824

Court of Appeals of Arkansas
Division II
Opinion delivered June 20, 1984

*Robert F. Morehead,* for appellant.

*Steve Clark,* Atty. Gen., by: *Jack Gillean,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Thomas Jeffery Tackett was found guilty by a jury of the crimes of manslaughter and leaving the scene of a personal injury accident. He was sentenced to a term of eight years in the Department of Correction on the charge of manslaughter and was fined $10,000 on the charge of leaving the scene of a personal injury accident. He appeals only from the conviction of manslaughter contending that the evidence was not sufficient to support the conviction and the court erred in admitting hearsay evidence. We find no error.

On March 24, 1983 the passenger in a vehicle driven by Lesa Diffee was killed in an accident. The State's theory was that a blue and white van driven by Thomas Jeffery Tackett had intentionally bumped the rear of Diffee's vehicle and that this reckless act caused her to lose control of her car. The appellant contended that the Diffee vehicle was out of control when he first observed it and that he had swerved to avoid hitting it and was unaware of any contact between the two vehicles.

The State's witness, Lesa Diffee, testified that a blue and white van driven by the appellant struck her car from the rear three times immediately before the accident. She stated that this caused her to lose control of the car and that the van had been travelling close to the rear of her car for some time before the bumps occurred. Two witnesses who had arrived at the scene of the accident immediately following it testified that Lesa Diffee was screaming for help and was asking if she was going to die. While they were calming her down she stated to them that the blue and white van had forced her off the highway.

In addition Cindy Ryals testified that a short time before the accident she observed a blue and white van trailing the Diffee vehicle as they passed her house. When the two vehicles went into the curve in front of her home they were only two or three feet apart. There was other testimony that a very short time before the accident occurred the blue and white van driven by the appellant had passed at a high rate of speed astraddle of the center line of the highway.

There was also circumstantial evidence of the appellant's guilt. There was expert testimony that the path taken by the car as it left the highway was consistent with the situation where someone had deliberately run into the back of a car. These opinions were based on skid marks and other physical evidence found at the scene. The State also introduced evidence establishing that paint and scratch marks on the bumpers of both vehicles indicated that the rear of the Diffee vehicle and the front of the van driven by the appellant had come into contact.

There were some inconsistencies in the testimony and some conflict as to what the physical evidence showed. The appellant's principal argument is that these inconsistencies were sufficient to raise doubt as to the credibility of the prosecution's testimony which should be held to be insufficient as a matter of law. It is a settled rule in this state that the resolution of inconsistencies in the evidence adduced at trial is wholly within the province of the jury. *Thomas* v. *State,* 266 Ark. 162, 583 S.W.2d 32 (1979). The credibility of witnesses and the weight to be given their

testimony is within the exclusive province of the jury. *Jones v. State,* 269 Ark. 119, 598 S.W.2d 748 (1980). It is the settled rule in this state that a jury's verdict will not be disturbed if it is supported by substantial evidence. *Tucker v. State,* 3 Ark. App. 89, 622 S.W.2d 202 (1981). We cannot conclude that the verdict of the jury was not supported by substantial evidence.

Appellant principally argues that the trial court erred in permitting Cindy Ryals to testify that approximately fifteen minutes after the accident occurred Lesa Diffee had told her she had been hit from behind twice by a blue and white van. When this evidence was offered the objection was made that it was hearsay. After hearing the evidence as to the circumstances under which the statement was made the trial court ruled that it was admissible. We find no error in that ruling.

Unif. R. Evid. 803(2) states as follows:

Hearsay Exceptions — The following are not excluded by the hearsay rule, even though the declarant is available as a witness; . . .
(2) Excited Utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

The basis underlying this exception is that a person who experiences a startling event and is still under the stress of the excitment of it when statements are made will not make fabricated statements and their utterances are therefore trustworthy. In these situations the court must find that there was a startling event and that at the time the utterance is made the declarant is still under the stress of excitement resulting from that event when the utterances are made. *Weaver v. State,* 271 Ark. 853, 612 S.W.2d 324 (Ark. App. 1981); *Burris v. State,* 265 Ark. 604, 580 S.W.2d 204 (1979). Although John Blankenship did not see the accident he arrived there immediately after it happened and stated that the Diffee car was lying on its side on the west side of the road in a ditch. He saw two people lying in the ditch, one

of whom was Lesa Diffee who was "hollering for help" and he tried to calm her down. He said that he could tell her leg was broken and that there was blood on her face. He stated that "she was wanting to know if she was going to die and I tried to assure her she wasn't." He asked her what had happened and she told him that a blue and white van had run her off the road.

Cindy Ryals came a short time after and obtained the telephone number of Lesa's mother and left to call her. Cindy returned in approximately ten to fifteen minutes and again talked with Lesa. Cindy stated at that time that Lesa was in shock and she kept talking to her trying to get her to calm down, holding her hand and wiping her face. Lesa was in considerable pain at the time she told Cindy she had been hit twice from behind. There was testimony from Blankenship that after that statement was made by Lesa and at the time the ambulance arrived to remove her to the hospital she was still in an excited condition requiring his efforts to calm her down.

Under Rule 803(2) although the excited utterance must be made close in time to the startling event the length of elapsed time is only one factor to be considered in determining whether the stress of the excitement has continued. We cannot conclude from the evidence presented that the trial court was in error in his ruling that Lesa had experienced a startling event and was still under the stress of excitement when the statement was made.

Affirmed.

CORBIN and GLAZE, JJ., agree.