Bailey Thomas BING *v*. STATE of Arkansas

CA CR 87-96                                   740 S.W.2d 156

Court of Appeals of Arkansas
Division I
Opinion delivered December 2, 1987

*Robert S. Blatt*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

BETH GLADDEN COULSON, Judge. The appellant was found guilty of sexual abuse and was sentenced to three years imprisonment with two and one-half years suspended. It is argued on appeal that the trial court erred in: (1) allowing the names of potential jurors to be drawn by the bailiff as opposed to the clerk; (2) admitting certain hearsay testimony; (3) not permitting appellant to inform the jury that its recommendation of a suspended sentence was not binding on the court; and (4) not following the jury's recommendation of a suspended sentence. We find appellant's arguments to be without merit and affirm.

Ark. Stat. Ann. § 43-1903 (Repl. 1977) clearly provides that in felony prosecutions, "the clerk . . . shall draw from the jury box the names of the jurors . . . ." While the selection process at issue did not comply with the statute, appellant has failed to demonstrate how he was prejudiced. No longer is it presumed that simply because error is committed it is prejudicial. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985); *Donoho* v. *Donoho*, 22 Ark. App. 150, 737 S.W.2d 170 (1987). To reverse, prejudice must be shown. *Berna, supra.*

Although appellant alludes to the bailiff's role as deputy sheriff, there is no showing that the jurors were unable to fulfill their duties fairly and impartially. Jurors are presumed unbiased and the burden of proving otherwise is upon the complaining party. *Bovee* v. *State*, 19 Ark. App. 268, 720 S.W.2d 322 (1986). We do not approve the procedure used, but in the absence of demonstrated prejudicial error find no grounds for reversal on this point.

At trial, the victim described the circumstances surrounding

the alleged sexual abuse. It was established on cross-examination that the victim had originally given a slightly different account of the incident. Appellant's counsel then sought to show that before trial the victim had frequently conferred with her parents and the prosecuting attorney on the details of the victim's story. This was an attempt to impeach the victim's credibility by casting doubt on the trial version of the incident. Appellant's clear intent was to convince the jury that the trial testimony was a fabrication.

In order to rebut the charge of recent fabrication, the State sought to introduce testimony by the victim's mother of a prior consistent statement by the victim made when she returned home after the alleged abuse. The trial court allowed introduction of the mother's testimony despite appellant's objections on the grounds of hearsay.

■ Statements by sex offense victims made to third parties shortly after the offense are admissible under any one of three theories. *Urquhart* v. *State*, 273 Ark. 486, 488, 621 S.W.2d 218, 219-20 (1981); 4 J. Wigmore, *Evidence in Trials at Common Law*, §§ 1134-1138 (rev. 1972). First, third parties may testify as to the victim's "complaint of rape" which proves that the victim did not remain silent (details of the offense are not admissible). *Gabbard* v. *State*, 225 Ark. 775, 285 S.W.2d 515 (1956); *Lindsey* v. *State*, 213 Ark. 136, 285 S.W.2d 462 (1948). Next, testimony by third parties may involve an "excited utterance" by the victim. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986); *Bryan* v. *State*, 288 Ark. 125, 702 S.W.2d 785 (1986); *Weaver* v. *State*, 271 Ark. 853, 612 S.W.2d 324 (Ark. App.), *cert. denied*, 452 U.S. 963 (1981). Finally, third parties may testify as to a "prior consistent statement" made by the victim so long as the victim is present at trial and subject to cross-examination, the victim's credibility has been impeached, and introduction of the testimony otherwise complies with the applicable rules of evidence. *Urquhart, supra; Pleasant* v. *State*, 15 Ark. 624, 649 (1855). (Rule 803(25)(A) of the Arkansas Rules of Evidence presents a fourth theory.)

■■ As early as the decision in *Pleasant, supra*, which involved a charge of rape, it was recognized under the first and third theories that:

It was competent for [the third party] to state, on his

examination in chief, the appearance of [the victim], when she came to the mill, and that she complained that an assault had been made upon her; but the court erred in permitting his (sic) then to state the particular facts which she related to him. *But the particulars of her statement might have been brought out, by way of confirming her testimony, after the attempt made by the prisoner to impeach her credit.* [Emphasis ours.]

Rule 801(d)(1) of the Arkansas Rules of Evidence provides that such testimony "is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (ii) consistent with [the declarant's] testimony and is offered to rebut an express or implied charge against [the declarant] of recent fabrication or improper influence or motive . . . ."

The situation before us is exactly that contemplated by Rule 801. The victim's credibility was impeached by cross-examination designed to show that the trial testimony was a fabrication which resulted from pre-trial meetings between the victim, the prosecuting attorney, and the victim's parents. The fabrication was further supported by cross-examination on the victim's earlier inconsistent statement. It was then permissible for the State to introduce testimony concerning the victim's statement made to the mother after the alleged incident (but prior to the meetings with the prosecutor) which was consistent with the victim's trial testimony. *Todd* v. *State,* 283 Ark. 492, 678 S.W.2d 345 (1984). We find no error on this point.

■ The appellant contends that the trial court abused its discretion when it permitted appellant to inform the jury that it could recommend a suspended sentence but did not permit appellant to inform the jury that its recommendation was not binding on the court. Appellant points out that the jury assessed punishment at three years imprisonment but recommended that the sentence be suspended. It is suggested that had the jury known its recommendation of a suspended sentence was not binding, it might have sentenced the appellant to a fine only. The argument is without merit for several reasons.

■ The court's instructions clearly apprised the jury of its option to assess punishment by way of a fine. As such, it is difficult

to see how appellant was prejudiced. Additionally, appellant has not shown that an instruction was proffered on the suspension of sentence. *See Rood* v. *State*, 4 Ark. App. 289, 630 S.W.2d 543 (1982). The matter of suspension of sentence is to be determined by the trial court and lies within its discretion. *Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978), *cert. denied*, 440 U.S. 911 (1979). We cannot conclude that the trial court abused its discretion.

■ The appellant's final argument is that the court abused its discretion by not following the jury's recommendation of a suspended sentence. We note at the outset that the trial court suspended two and one-half years of the appellant's three year sentence. A criminal defendant has no right to a suspended sentence. The determination is one which is entrusted to the sound discretion of the trial court. *Fisk* v. *State*, 5 Ark. App. 5, 631 S.W.2d 626 (1982). We find nothing which would indicate an abuse of that discretion.

Affirmed.

CRACRAFT, J., and COOPER, J., agree.