Frank Frederick PENNINGTON *v.* STATE of Arkansas

CA CR 87-91                                   749 S.W.2d 680

Court of Appeals of Arkansas
En Banc
Opinion delivered April 27, 1988

*Donald R. Huffman*, Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Frank Frederick Pennington appeals from his conviction of sexual abuse in the first degree for which, being a habitual criminal, he was sentenced to fifteen years in the Arkansas Department of Correction. He argues that the trial court erred in allowing two witnesses to testify concerning hearsay statements made by the prosecutrix. We reverse and remand for a new trial.

The victim in this case is appellant's six-year-old daughter, who had been removed from the care and custody of her natural parents two years before the crime was committed. Under proper court order, the parents were granted limited visitation with the child. After the child returned from a visit with her parents, her foster mother noticed that her vaginal area was inflamed and raw, and she questioned her about it. The child was hesitant to answer but finally stated that her younger brother had done it to her. When the foster mother expressed her disbelief that a boy so young could have done so, the child stated that her natural mother had abused her. The foster mother did not believe that accusation either because she felt the relationship between the child and her mother was such that the child would never have permitted her mother to do this to her. Despite the foster mother's doubts, the child's accusation of the mother was repeated to two doctors who examined her during the period immediately following the discovery. It was not until six days later that the victim, in response to inquiries of a school counselor, stated that the appellant had sexually abused her while she was visiting in the home. The victim never thereafter departed from the statement that her father was the one who abused her and so testified in detail at the trial.

The appellant does not argue that the jury could not believe the child's testimony in light of her prior inconsistent statements with regard to the assault. He argues only that the trial court erred in permitting the foster mother to testify that after the visit with the counselor the child told her that the appellant had abused her and in permitting the school counselor to repeat what the child told her with regard to the appellant's sexual abuse of her at their conference. He argues that the trial court erred in admitting that testimony as prior consistent statements under Ark. R. Evid. 801(d)(1)(ii), which provides in pertinent part that a prior statement by a witness is not hearsay if:

> The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (ii) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive. . . .

We agree that it was error to admit that testimony.

■ The foster mother testified before the child was called as a witness. At the time these hearsay statements were admitted, it was not known whether they were consistent or inconsistent with any statement the child might make at the trial. Although the counselor testified after the child, her testimony was no more admissible under Rule 801(d)(1)(ii) than that of the foster mother. The theory underlying this rule is that evidence which counteracts a suggestion that the witness has changed his story in response to some threat, scheme, bribe, or other motive for fabrication, by showing that his story was the same prior to the external pressure being applied, is highly relevant in shedding light on the witness's credibility at trial. However, "[e]vidence which merely shows that the witness said the same thing on other occasions when his motive was the same does not have much probative force 'for the simple reason that mere repetition does not imply veracity.' " 4 J. Weinstein and M. Berger, *Weinstein's Evidence*, ¶ 801(d)(1)(B)[01], at 801-150—151 (1987) (quoting *United States* v. *McPartlin*, 595 F.2d 1321, 1351 (7th Cir.), *cert. denied*, 444 U.S. 833 (1979)). *See also Brown* v. *State*, 262 Ark. 298, 956 S.W.2d 418 (1977).

The State relies on evidence brought out during appellant's cross-examination of the foster mother that she had repeatedly

told the child that she did not believe her, and that the child seemed to be hurt by this and was relieved after she made the statement to the counselor. It argues that appellant was, by this cross-examination, suggesting that the child was motivated into changing of her story by a desire to please the foster mother. Even if that be true, it was shown that the victim had the same motive for fabrication when she made the statement to the counselor as she had when she testified in this case. Under these circumstances, the rule could have no application:

> [I]f the attacker has charged bias, interest, corrupt influence, contrivance to falsify, or want of capacity to observe or remember, the applicable principle is that the prior consistent statement has no relevancy to refute the charge unless the consistent statement was made *before* the source of the bias, interest, influence or incapacity originated.

E. Cleary, *McCormick on Evidence* § 49, at 118 (3d ed. 1984) (emphasis added). *See also Rock* v. *State*, 288 Ark. 566, 708 S.W.2d 78 (1986); *Brown* v. *State, supra.*

The State additionally argues that the court was right for the wrong reason, contending that the testimony of both the foster mother and the counselor was admissible under Ark. R. Evid. 803(25)(A), which permits statements made by a child under ten years of age concerning sexual offenses to be admitted, provided the court finds, in a hearing conducted outside the presence of the jury, that the statement offered possesses a reasonable likelihood of trustworthiness using certain elicited criteria. We disagree. This rule could have no application here because the court was not asked to, and did not, hold a hearing outside the jury's presence to determine whether the evidence was reasonably trustworthy, the State did not give notice of its intent to offer the statement, and the jury was not instructed as to the manner in which it should determine the weight and credit to be given to the statement, all of which are required by that rule.

Nor do we agree that the statement could have been properly admitted as an excited utterance under Ark. R. Evid. 803(2), which permits the admission of statements relating to a startling event or condition made while the declarant was under the stress or excitement caused by the event or condition. Here, the statement was not made until six days after the event

occurred. We agree with the State that a number of cases in sister states have permitted excited utterances in certain circumstances after an extended period of time up to and including a week. We further agree that the admissibility of such a declaration is not to be measured by any precise number of minutes, hours, or days, but requires that the declarant is still under the stress and excitement caused by the traumatic occurrence. *Tackett* v. *State*, 12 Ark. App. 57, 670 S.W.2d 824 (1984). However, there was no evidence here that the child was under the stress and emotional excitement caused by the assault upon her at the time she talked to the counselor.

■ The State finally argues that any error in admitting these extrajudicial statements attributable to the victim was harmless because the victim was subject to cross-examination about them. We disagree. Here, the minor victim's testimony was essential to conviction, as she was the only witness to the acts for which appellant was tried. The evidence corroborating her statement that she had been abused by her father was extremely slight. We cannot conclude that permitting the jury to hear inadmissible evidence bolstering the victim's testimony did not prejudicially affect a substantial right of the appellant. *See Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980).

Reversed and remanded.

CORBIN, C.J., dissents.

DONALD L. CORBIN, Chief Judge, dissenting. I agree with the majority that the statements were inadmissible as prior inconsistent statements. However, I do not believe that their admission prejudicially affected a substantial right of the appellant under the facts and circumstances of this case.

Underlying this dissent is my basic belief that prosecution for child abuse deserves a different approach and treatment legally than do the other criminal offenses. Reported cases of child abuse increased 223% nationally since 1976 and child abuse related deaths have increased 23% between 1985 and 1986. Many states have enacted legislation to protect children and provide for this differential treatment. Arkansas, to a limited extent, did so when it enacted Act 405 of 1985. The act added to the list of hearsay exceptions a statement made by a child under

10 years of age concerning an act or offense against the child involving sexual offenses if the court finds that the statement offered possesses a reasonable likelihood of trustworthiness. Arkansas Rules of Evidence Rule 803(25)(A) recognizes the need for allowing hearsay statements of children to be admitted under certain circumstances. It acknowledges the need to put all of the evidence before the jury and let them determine what credit the child's testimony is to be given.

Although the procedural requirements of 803(25)(A) were not met, cross-examination about the prior hearsay statement provided adequate safeguards of the defendant's rights in this particular case. The underlying reason for excluding hearsay is inability to confront the declarant, and such reasoning fails here. Had the judge, after a hearing conducted outside of the jury's presence, admitted the statements under 803(25)(A), it would have been extremely difficult for the majority to find that the trial judge abused his discretion.

I fail to see how a substantial right of the appellant's was prejudiced by admission of the statement under one exception when the same statement was admissible, in the judge's discretion, under another exception.

For this reason I believe the statements made to the foster mother and counselor were properly admitted. In cases of sexual abuse of children, because of fear, embarrassment, punishment etc., the child may avoid naming the perpetrator or give inconsistent accounts. Because of the sensitive nature of these cases, the jury should be allowed to hear all evidence probative of the truth and be allowed to decide for themselves, as they did in this case,.if the child's testimony is credible. The legislature mandated such special treatment by addition of the hearsay exception, and such treatment is appropriate here. We must strive to protect the interest of our children.