ROBIN F. WYNNE, Associate Justice | ¶ Eric Scott Paulson appeals from his conviction for one count of rape,.for which he was sentenced to life imprisonment. On appeal, he argues that the trial court erred by denying his motion for mistrial during voir, dire of the jury. We find no error and affirm. During voir dire of the jury, the prosecutor made the following statement: Have — In this case I expect you are going to hear testimony from children or teenagers. Do each of you feel that you can listen to that testimony and give it the same weight as you would an adult? Would any of you automatically believe the testimony of an adult over a child? If a child testified they were sexually abused, and an adult said, “No, I didn’t do it,” would you automatically believe that since he [said he] didn’t do it, that created reasonable doubt? Appellant objected, arguing that the prosecutor’s comment had infringed on his right not to testify. Appellant then moved for a mistrial. The trial court overruled the motion. The prosecutor then asked the jury panel if it would create reasonable doubt if a child testified that he or she had been sexually assaulted and the adult said it did not happen. Appellant again | ^objected, and the trial court overruled the objection, but warned the prosecutor to stay away from the issue. Later during voir dire, appellant’s counsel stated on two separate occasions that appellant was not required to testify and that the State had the burden of proving him guilty beyond a reasonable doubt. After the jury had been selected, appellant stated that the panel was satisfactory. The jury found appellant guilty of the charge of rape, and he was sentenced by the trial court to life imprisonment. This appeal followed. Appellant’s sole point on appeal is that the trial court erred by denying his motion for a mistrial. A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. King v. State, 361 Ark. 402, 405, 206 S.W.3d 883, 885 (2005) (citing Moore v. State, 355 Ark. 657, 144 S.W.3d 260 (2004)). The circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court’s decision will not be disturbed on appeal. Id. A comment on the failure of a defendant to testify in a criminal case is a violation of the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Appellant argues that the statement by the prosecutor was an impermissible comment on his right not to testify at trial and that, as a result, the trial court erred by denying his motion for a mistrial. We disagree. It was conceivable that part of appellant’s defense at trial was going to be that the victim was not |sbeing truthful in her allegation that a sexual assault had occurred, and the prosecutor was attempting to determine whether any members of the panel would be predisposed to credit a denial by an adult over an allegation by a child. In making the disputed statements, the prosecutor was placing a hypothetical situation before the panel, and never mentioned the issue of appellant testifying at trial. The prosecutor never referenced appellant by name or as “the defendant.” Indeed, the only attorney who mentioned testimony by appellant was appellant’s counsel, who stated on two separate occasions during voir dire that appellant was not required to testify in his defense and that the State had the burden of proof with regard to whether appellant committed the offense charged. In a case involving similar facts, our court of appeals upheld the denial of a motion for mistrial following a statement by the prosecutor during jury voir dire that the case came down to the testimony of the minor victim and an adult who was the defendant, because the prosecutor did not mention the defendant’s testimony or possible testimony, and the question, as in the instant case, was meant to ascertain whether the jury would be willing to believe the testimony of the minor victim. Weaver v. State, 271 Ark. 853, 612 S.W.2d 324 (Ark. App. 1981). In Clark v. State, 256 Ark. 658, 509 S.W.2d 812 (1974), this court held that a statement by a prosecutor during opening statements at a murder trial that the victim would not be present, and that the story of what occurred would come only from the defendant, violated the Fifth Amendment because it coerced the defendant to testify at trial. Appellant argues that the statement by the prosecutor in this case was similarly coercive. He is mistaken. As noted above, the issue of whether appellant would testify was not referenced by the |4prosecutor during voir dire. Nor could the statement be reasonably considered to have created in the minds of the jury an expectation that appellant would testify. Thus, appellant has failed to show how the statement by the prosecutor could have reasonably had the effect of compelling him to feel as though he should testify at trial, especially considering the fact that he elected not to testify. Because the trial court did not abuse its discretion by denying appellant’s motion for a mistrial, its sentencing order is affirmed. The record has been reviewed pursuant to Arkansas Supreme Court Rule 4 — 3(i), and no reversible error has been found. Affirmed. Hart, J., dissents.