Charles WATKINS *v.* STATE of Arkansas

CR 88-65                                    756 S.W.2d 907

Supreme Court of Arkansas
Opinion delivered September 26, 1988

*William R. Simpson, Jr.*, Public Defender and *Bret Qualls*, Deputy Public Defender, by: *Susan Wilson*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Charles Watkins, was convicted of aggravated robbery. While being pursued by the armed owner of a store he had just robbed, Watkins attempted unsuccessfully to enter a vehicle which was parked outside the store, after which he escaped. When the police arrived, they noted that the car Watkins had attempted to enter had two license plates, one on top of the other. The police checked the outer plate and found no car registered to the number. They then checked the inner plate which showed the car was owned by a rental car company. They then checked with the company and obtained the name of the renter. That name turned out to be an alias which, according to police records, had been used previously by Watkins. Watkins contends it was a violation of his rights guaranteed by the Fourth Amendment for the police to have "searched" his rental car without having first obtained a warrant. We affirm the conviction.

Even if looking at a license plate, after removing the covering one, could be said to constitute a "search," we fail to find any expectation of privacy Watkins may have had which would prevent examination of the exterior of the vehicle. The very purpose of a license plate is to identify the owner of a car should the need arise. In *Cardwell* v. *Lewis*, 417 U.S. 583 (1974), a plurality of the Supreme Court approved the taking of paint scrapings by the police from a car left in a public place. The scrapings and observation of a tire tread on the car led to the conclusion that the car, and its owner, had been involved in a homicide. The plurality opinion stated: "Under circumstances such as these, where probable cause exists, a warrantless examination of the exterior of a car is not unreasonable under the Fourth and Fourteenth Amendments." 417 U.S. at 592.

The four dissenting justices disagreed, not on the "search" point, but on the ground that the car had been seized and

taken to the police impound lot where it was inspected. If the car had been scraped and inspected in the public parking lot where it was found, rather than seized and removed to police premises, presumably even the dissenting justices would have agreed with the conclusion we reach here that inspection of the exterior of a car in a public place does not violate the rights of the owner, or in this case the lessee, guaranteed by the Fourth Amendment.

Affirmed.